## Meek *et al.* *versus* Bayard.

Under the Acts of March 25th and August 25th 1864, township authorities cannot issue bonds and levy a tax to pay money advanced for substitutes, without any precedent authority or vote of a majority of the township.

ERROR to the Court of Common Pleas of *Greene county*.

This was an action of trespass, to December Term 1865, by Samuel P. Bayard against James Meek, William Graham, J. M. Scott and John Brewer, to recover the value of a yoke of oxen.

The facts appearing by a case stated were these : —

Under the call of the President of July 17th 1864, for 700,000 volunteers, the commissioners of the county having refused to procure volunteers, twenty-six men were drafted from Jackson township, to fill the quota of thirteen men allowed to that township ; part of the men reported to the provost-marshal September 28th 1864. After this time some citizens of the township, including James Meek and Thomas E. Smith, school directors, and Bayard, met. Bayard at first encouraged them to borrow money for the purpose of filling the quota of the township, but afterwards refused to have any part in it. The others borrowed money and hired men to fill the quota, who were accepted as volunteers. The drafted men were released, and returned home ; the thirteen men filled the quota of the township. There had been no previous agreement between the persons who furnished the men and the township authorities, except with Meek and Smith, the two directors, who agreed for themselves to have a resolution adopted by the school board to repay the money for hiring the substitutes, if they could procure a concurrence of a majority of the board. There was no meeting of the citizens of the township to ascertain whether a majority desired the quota to be filled or the money to be repaid. In October 1864, the board issued bonds to repay those who had furnished the money, and on the 17th of December resolved to levy a tax to pay the bonds, Meek being one of the board present when the resolution was passed. A tax was levied —a duplicate and warrant were issued to Meek to collect the tax ; the other defendants were school directors, and authorized issuing the warrant under which Meek levied on and sold the oxen of Bayard.

In concluding his opinion on the case stated, Gilmore, P. J., said :—

" The question presented for our consideration is, had the board of school directors power to levy and assess a tax, from the taxpayers of Jackson township. We are of opinion that no such power is conferred by any law within our knowledge. The only law on this subject is to be found in the 2d section of the Act of the 25th of August 1864, Pamph. L. 987, and this requires that a *majority of the citizens* of the township should borrow the money,

[Meek *v.* Bayard.]

with the understanding or agreement that it should be repaid by taxes; that not being the case here, we are ignorant of any law that confers such power."

Judgment was entered for the plaintiff for $212, which was the error assigned.

*A. A. Purman*, for plaintiffs in error.—Act of March 25th 1864, §§ 6, 7, Pamph. L. 85; Act of Congress, July 4th, 1864, § 1, Brightly's Dig. 46, pl. 293; Spear *v.* School Directors, 14 Wright 150; Weister *v.* Hade, 2 P. F. Smith 474; Kirby *v.* Shaw, 7 Harris 260; Sharpless *v.* Mayor, 9 Id. 160; Commonwealth *v.* Maxwell, 3 Casey 456; Booth *v.* Woodbury, 5 Am. L. Reg. N. S. 202; Commonwealth *v.* Hartman, 5 Harris 118; Lycoming *v.* Union, 3 Id. 166; Greeves *v.* McAllister, 2 Binn. 592; Barnet *v.* Barnet, 15 S. & R. 72; Tate *v.* Stoolzfoos, 16 Id. 35; Mercer *v.* Watson, 1 Watts 356; Underwood *v.* Lilly, 10 S. & R. 97; Bleakney *v.* Bank of Greencastle, 17 Id. 64; Bolton *v.* Johns, 5 Barr 145; Hepburn *v.* Curts, 7 Watts 300; Pittsburgh Turnpike Co. *v.* Commonwealth, 2 Id. 433; Dale *v.* Metcalf, 9 Barr 110; Biddle *v.* Starr, Id. 466; Menges *v.* Wertman, 1 Barr 218; Harvey *v.* Thomas, 10 Watts 63; Douglass *v.* Howland, 24 Wend. 45.

*E. M. Sayers*, for defendant in error, cited Spear *v.* School Directors, 14 Wright 150; Tyson *v.* Halifax, 1 P. F. Smith 9.

The opinion of the court was delivered, November 12th 1866, by

Agnew, J.—Looking at the provisions of the Act of April 14th 1863, relative to bounties, and the first five sections of the Act of 25th of March 1864, which are *pari materiâ*, and all retrospective, I would have but little doubt that the 6th section of the latter law, the first clause of which is expressly retrospective, confers authority on the school boards to pay bounties to volunteers already put into the service. But it is unnecessary to decide this point, as the case presents a different question.

A few citizens of Jackson township, not a majority as required in the 2d section of the Act of 25th August 1864, advanced the money required to raise volunteers as substitutes to avoid the draft which took place in September 1864. Afterward the school board of the township issued bonds to pay the money thus advanced without any precedent authority or vote of the township, and proceeded to levy a tax to pay these bonds. Out of this levy the present action arose.

There is nothing in the 6th and 7th sections of the Act of 25th March, or in the Act of the 25th August 1864, to authorize the issuing of bonds and assessment of a tax in such a case. The money was not borrowed by the school board or advanced at their

instance, nor was its payment sanctioned by the voice of the township. It was simply the individual act of a few, noble and praiseworthy indeed, but uninvited by public authority, and not within the retrospective provisions of the law. There was, therefore, no authority on part of the board to refund the sum advanced, and the judgment must be affirmed.